MONACO, J.
Julienne Massad Williams seeks review of the denial by the trial court of her motion for post-conviction relief based on the purported ineffectiveness of trial coun *728 sel.[1] Because the trial court failed to rule on several of the issues raised, we affirm, in part, and remand, in part, for further consideration of the unaddressed issues.
Ms. Williams was convicted of solicitation of first degree murder. The conviction stems from her solicitation of Steve Zagar to kill a sitting circuit judge. It appears that Ms. Williams had been sentenced by the intended victim to three years in state prison in two prior drug cases. In her motion for post-conviction relief Ms. Williams listed numerous instances of deficient performance on the part of her trial counsel. The trial court convened an evidentiary hearing on the motion, took lengthy testimony on the subjects raised, and entered a detailed written order, the end result of which was that the court found that Ms. Williams’ counsel was not ineffective.
We affirm the order of the trial court denying relief on the issues discussed by the court in the order. The problem that we are facing in considering this appeal is that the trial judge failed to address a number of the issues raised by the motion. As these matters in large part depend on the credibility of the witnesses, and as the trial judge is obviously in a better position to judge credibility than we are,[2] we remand this matter to the trial court for entry of an order concerning whether trial counsel’s performance was deficient in regards to the following assertions by Ms. Williams:
1.Her counsel failed to object to certain hearsay statements of an IRS agent concerning the reliability and credibility of Mr. Zagar, the principal witness for the State, which were introduced during the testimony of Detective Dillon Thomas, and that the deficiency was prejudicial to the outcome of the trial.
2. Although her counsel filed a preliminary motion to dismiss based on entrapment, he never pursued this defense. The testimony of her counsel at the evidentiary hearing indicates that counsel did not argue or elicit testimony on entrapment, and it is unclear what became of the motion. Trial counsel suggested that he abandoned the motion as part of his trial strategy. The order, however, does not address whether his actions in this respect were reasonable or legally deficient.
3. Her counsel failed to investigate and obtain phone records of a hotel where Mr. Zagar was staying showing telephone conversations between Mr. Zagar and Ms. Williams. Evidently, some audio tapes of conversations between Mr. Zagar and Ms. Williams were introduced into evidence. While it is unclear exactly how the phone records would have helped the defense, we believe Ms. Williams is arguing that her counsel should have demonstrated that there were more conversations than just those reflected on the tapes. In any event, the trial court did not indicate in its order whether or not the failure to obtain the records amounted to a deficient performance of defense counsel.
Accordingly, we affirm in part the order of the trial court denying post-conviction relief, but remand to the trial court for consideration of the three matters discussed above, and for the entry of findings of fact and conclusions of law with respect to them. See Dillbeck v. State, 882 So.2d 969 (Fla.2004).
*729 AFFIRMED in part, and REMANDED.
SAWAYA and PALMER, JJ., concur.

. Fla. R.Crim. P. 3.850.

. Cf. Cave v. State, 899 So.2d 1042, 1056 (Fla.2005). Appellate courts will defer to factual findings of the trial court, if they are supported by competent, substantial evidence.